MARY FREANEY et al., Respondents, v. ERIE RAILROAD COMPANY, Appellant, et al., Defendants.— Judgment and order affirmed, with costs. All concur. (Appeal from a judgment for plaintiff in a railroad negligence action. The order was a conditional order reducing the verdicts by stipulation.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.

∎

N. C. FREED CO., INC., Respondent, v. ARCHER MOTOR CO., INC., Appellant.— Order affirmed, with $10 costs and disbursements. All concur. (Appeal from an order of Monroe County Court affirming a judgment of Rochester City Court which awarded plaintiff judgment in an action for property damage alleged to have been caused by negligence by a bailee.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ.

∎

HENRY P. ELLIS, Respondent, v. RICHARD L. OWEN et al., Appellants.— Order insofar as appealed from affirmed, with $10 costs and disbursements. All concur. (Appeal from part of an order permitting plaintiff to serve a supplemental complaint in a replevin action.) Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

∎

PASQUALE GENOVESE, Respondent, v. CHARLES PANNICE, Defendant, and DANIEL GAGGIANO et al., Doing Business as JOE'S GRILL, et al., Appellants.— Order affirmed, with $10 costs and disbursements. All concur. (Appeal from an order denying a motion by defendants Gaggiano to dismiss plaintiff's complaint in an action to recover damages for an alleged assault claimed to have been committed on plaintiff by defendant Pannice in a grill operated by defendants Gaggiano.) Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

∎

VIOLA L. POLIANI, Respondent, v. JOHN SCIBILIA, Appellant.— Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The court should have charged the first request made by counsel for defendant as it correctly stated the rule of law and was not covered in the main charge. We also think the second request, even though counsel erroneously used the word defendant when the word plaintiff was clearly intended, should have been corrected in that respect and charged by the court; it also stated a correct rule of law and had not been covered by the main charge. While these errors may not have affected the verdict of the jury, we think there should be a new trial in the interest of justice. All concur. (Appeal from a judgment for plaintiff in an automobile negligence action. The order denied a motion for a new trial.) Present — Taylor, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.